UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWN RAYMOND,

    Plaintiff,

v.

JO ANNE B BARNHART, Commissioner of Social Security,

    Defendant.

CASE NO. C05-5581RJB

REPORT AND RECOMMENDATION

Noted for October 24, 2008

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter is before the court on plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412, The Equal Access to Justice Act ("EAJA"). After reviewing the record, the Court should GRANT the motion.

<u>DISCUSSION</u>

The EAJA provides, in relevant part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .

28 U.S.C. § 2412(d)(1)(B). In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special

REPORT AND RECOMMENDATION
Page - 1

circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir.1998). However, the EAJA does not allow for fees and expenses for administrative proceedings conducted prior to the filing of a civil action. Melkonyan v. Sullivan, 501 U.S. 89, 94 (1991).

Here, plaintiff is seeking an award of attorney's fees in the amount of $18,737.73, costs in the sum of $512.20, and expenses in the sum of $161.70. The fees are significantly more than the typical request for EAJA fees seen by the court. The fees are significantly higher due to the fact that the Plaintiff's attorney is seeking reimbursement for all the time it took to litigate and appeal the matter to the Ninth Circuit Court of Appeals. On appeal from this court, the Ninth Circuit did not reverse the administrative decision, but did remand the matter for further consideration. The Court of Appeals's decision specifically focused on the ALJ's finding that Plaintiff could sit for a six hour period. The Court of Appeals found that the ALJ's finding was not supported by substantial evidence and remanded the matter to consider vocational expert testimony and to complete step-five of the administrative process.

Defendant opposes Plaintiff's motion for EAJA fees, arguing the Commissioner's position was substantially justified. After carefully examining the motion and the briefs and the Ninth Circuit's written opinion, this court finds it difficult to determine whether or not defendant's position was substantially justified. Clearly, the Ninth Circuit disagreed with the argument that the ALJ's decision was supported by the required substantial evidence. However, it is equally clear that the Defendant prevailed on the majority of the issues which were argued and raised during this litigation process. For instance, defendant prevailed on the following issues argued by Plaintiff:

(i) the ALJ's Failure To Give Appropriate Weight To The Opinions Of Claimant's Treating Physicians;

(ii) the ALJ's Failure To Properly Consider Claimant's Testimony Regarding Her Symptoms and Limitations;

(iii) the ALJ's Failure To Properly Consider Lay Witness Evidence; and

(iv) the Appeals Council Failure To Properly Consider New Evidence.

1 The court further notes that the ultimate issue of disability is not yet determined. On remand the
2 Administration could simply adopt the conclusions of Dr. Hoskins, who reviewed Dr. Whipples opinions
3 and notes, and concluded Ms. Raymond is capable of light work activity (a higher level of work than the
4 sedentary level assigned by the ALJ) and ask the vocational expert to assume such a person in a
5 hypothetical question to complete the step-five analysis. In such a case it would seem unjust to award
6 fees in the amount requested by Plaintiff at this time only to later find the Administration's decision to
7 deny benefits was ultimately correct. Furthermore, the litigation process in this matter will continue at
8 the administrative level, and possibly again at the judicial level. Plaintiff may have the opportunity to ask
9 for further EAJA fees if she prevails after being denied again at the administrative level.

Nonetheless, the Ninth Circuit has directly stated that when assessing EAJA fee applications for cases that have been remanded because of an administrative law judge's procedural error, "the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir.2008) (citing Corbin v. Apfel, 149 F.3d 1051, 1052-53 (9th Cir.1998)). The court should not focus on the government's defense of specific alleged errors. In Shafer, 518 F.3d at 1072, the Court held that errors such as erring in assessing the claimant's residual functioning capacity are "fundamental", and the defense of "basic and fundamental errors" are "difficult to justify." Corbin, 149 F.3d at 1053.

## CONCLUSION

Based on the foregoing discussion, the Court should GRANT plaintiff's motion for EAJA fees and costs. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 24, 2008, as noted in the caption.

DATED this 30th day of September, 2008.

                                       /s/ J. Kelley Arnold
                                       J. Kelley Arnold
                                       U.S. Magistrate Judge