UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWN M. RAYMOND,

        Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.

CASE NO. C05-5581RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable J. Kelley Arnold, United States Magistrate Judge (Dkt. 38). The Court has considered the Report and Recommendation, Defendant's objections (Dkt. 39), Plaintiff's response (Dkt. 40), and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2008, the Ninth Circuit U.S. Court of Appeals reversed and remanded this case, directing that the case be remanded to the Social Security Administration for the ALJ to hear the testimony of a vocational expert at step five of the sequential evaluation process. Dkt. 30-2. Therefore, on July 16, 2008, the Court remanded this matter to the Social Security Administration for further proceedings consistent with the decision of the Ninth Circuit. Dkt. 31.

On August 9, 2008, Plaintiff's counsel moved for an award of attorneys' fees, and the motion (Dkt. 32) was referred to the Honorable J. Kelley Arnold, United States Magistrate Judge.

ORDER - 1

Dkt. 36. Judge Arnold recommends that the motion be granted. Defendant has objected to the Report and Recommendation (Dkt. 39), and Plaintiff has responded to Defendant's objections (Dkt. 40). This matter is now ripe for decision.

## II. DISCUSSION

The Equal Access to Justice Act provides that a prevailing party may recover fees and other expenses as follows:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Substantial justification" requires "a reasonable basis in law and fact." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). The government's position must be "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." but need not be "justified to a high degree." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998).

The Report and Recommendation concludes that the motion should be granted. Dkt. 38. The Report and Recommendation is thorough, well-reasoned, and responsive to the parties' contentions. The Court should therefore adopt the Report and Recommendation.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the Court **ADOPTS** the Report and Recommendation (Dkt. 38), and Plaintiff's Motion for Attorney's Fees, Costs, and Expenses Pursuant to 28 U.S.C. § 2412 is **GRANTED**. Plaintiff's counsel is awarded attorney's fees in the amount of $18,737.73, costs in the sum of $512.20, and expenses in the sum of $161.70 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 and 28 U.S.C. § 1920.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 3rd day of November, 2008.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge